# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BENITA VERONICA SHREEVE, STEVEN PAUL HUTCHINGS, JOSEPH L. ONWUDE, and HELEN M. ONWUDE,**

    **Plaintiffs,**

**-vs-**            **Case No. 6:12-cv-655-Orl-37KRS**

**MAESBURY HOMES, INC. and VANGUARD TITLE, LLC,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **PLAINTIFFS JOSEPH L. ONWUDE AND HELEN M. ONWUDE'S RESPONSE TO ORDER (Doc. No. 25)**
>
> **FILED:**   **December 7, 2012**

### I. PROCEDURAL HISTORY.

   On November 30, 2012, this Court granted in part the Motion for Default Judgment on the Pleadings (Doc. No. 21) filed by Plaintiffs Joseph L. Onwude and Helen M. Onwude. Doc. No. 24. The Court found that Defendant Maesbury Homes, Inc. was liable to the Onwudes for violation of Florida Statutes § 718.202. *Id.* The Court found that Maesbury Homes, Inc. was not liable to the

Onwudes for breach of contract, and it declined to adjudicate the claim for a declaratory judgment. *Id.*

The Onwudes have now filed the above-referenced document, which the Court construes as a motion for assessment of damages. Maesbury Homes, Inc. has not responded to the motion, and the time for responding has passed. Therefore, the motion is ripe for resolution.

## II. ANALYSIS.

Florida Statutes § 718.202(5) provides that if a developer fails to comply with the provisions of that section, the contract is voidable by the buyer and, "if voided, all sums deposited or advanced under the contract shall be refunded with interest at the highest rate then being paid on savings accounts, excluding certificates of deposit, by savings and loan associations in the area in which the condominium property is located." The Onwudes seek to recover damages under section 718.202(5), which the Court construes as an election to void their contract with Maesbury Homes, Inc.

Joseph Onwude avers that he and his wife, Helen Onwude, paid deposits in the amount of $1,779.20 on or about April 25, 2006, and $43,400.00 on or about April 26, 2006, for total deposits of $45,179.20. Doc. No. 21-2 ¶ 5. They waive any claim to prejudgment interest. Doc. No. 25 at 2. The also seek an award of costs in the amount of $215.00, which is one-half of the total costs of paying the filing fee and service of process. Doc. Nos. 22 and 22-1.[1] These are taxable costs under 28 U.S.C. § 1920. Accordingly, the Onwudes are entitled to recover $45,179.20 as return of their deposits and $215.00 in costs from Maesbury Homes, Inc.

---

[1] Plaintiffs Shreeve and Hutchings seek the remaining one-half of the costs in a motion that will be addressed in a separate Report and Recommendation.

### III. RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiffs Joseph L. Onwude and Helen M. Onwude's Response to Order, Doc. No. 25, which the Court has construed as a motion for assessment of damages, **FIND** that the Onwudes are entitled to recover from Maesbury Homes, Inc. their deposit of $45,179.20 and costs in the amount of $215.00, and **DIRECT** the Clerk of Court to enter a judgment consistent with the Court's order on this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 29, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy