# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BENITA VERONICA SHREEVE, STEVEN PAUL HUTCHINGS, JOSEPH L. ONWUDE, and HELEN M. ONWUDE,**

        **Plaintiffs,**

-vs-                                            Case No.  6:12-cv-655-Orl-37KRS

**MAESBURY HOMES, INC. and VANGUARD TITLE, LLC,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS SHREEVE AND HUTCHINGS' OMNIBUS RESPONSE TO ORDER, NOTICE OF ELECTION OF REMEDIES, ASSESSMENT OF DAMAGES (Doc. No. 26).**
>
> **FILED:** December 7, 2012

**I.    PROCEDURAL HISTORY.**

On November 30, 2012, this Court granted in part the Motion for Default Judgment on the Pleadings (Doc. No. 20) filed by Plaintiffs Benita Veronica Shreeve and Steven Paul Hutchings (collectively the "Shreeve Plaintiffs"). Doc. No. 24.  The Court found that Defendant Maesbury Homes, Inc. was liable to the Shreeve Plaintiffs for violation of Florida law governing sales or reservation deposits prior to closing on condominiums, Fla. Stat. § 718.202, and for breach of

contract. *Id.* The Court declined to adjudicate the claim for a declaratory judgment. *Id.* The Court ordered the Shreeve Plaintiffs to file an election of damages. *Id.*

The Shreeve Plaintiffs have now filed the above-referenced document, which the Court construes as a motion for assessment of damages. They also filed a document that appears to be calculation of their requested damages as of December 7, 2012. Doc. No. 27-1. Maesbury Homes, Inc. has not responded to the motion, and the time for responding has passed. Therefore, the motion is ripe for resolution.

**II.   ANALYSIS.**

The Shreeve Plaintiffs elect to recover damages for breach of contract. Doc. No. 26 at 1. The Agreement for Sale entered into by Shreeve and Hutchings provides that if Maesbury defaults, "Buyer will have the choice of either (i) receiving a refund of all deposits actually paid under this Agreement and the interest earned on them, if any, or (ii) specifically enforcing this Agreement." Doc. No. 1-1 at 9. The Shreeve Plaintiffs seek a refund of all deposits they paid with prejudgment interest.

Benita Veronica Shreeve avers that she and Hutchings paid to Maesbury Homes, Inc. deposits of $1,827.60 on or about April 4, 2004, and $44,000.00 on or about September 15, 2004, for total deposits of $45,827.60. Doc. No. 20-2 ¶ 5. The Shreeve Plaintiffs are, therefore, entitled to a return of $45,827.60.

The Shreeve Plaintiffs submit that the purchase contract is silent on the rate of interest that applies in the event of a default. Accordingly, they contend that they are entitled to prejudgment interest in the amount provided for by Florida law. *See* Fla. Stat. § 687.01. They rely on *WPB, Ltd. v. Supran*, 720 So. 2d 1091 (Fla. 4th Dist. Ct. App. 1998), in which the court found that, for a

commercial lease that provided for interest on a security deposit at an unspecified rate, prejudgment interest must be paid at the rate specified in section 687.01.

In *Magee v. Maesbury Homes, Inc.*, No. 6:11-cv-209-Orl-19DAB, 2011 WL 1457173, at * 3 (M.D. Fla. April 15, 2011), a Judge of this Court considered a contract with Maesbury Homes, Inc. that had the same language regarding interest on deposits as found in the Shreeve Plaintiffs' contract. *Id.*; *see also Magee*, Doc. No. 1-1 at 9 (If Seller defaults, "Buyer will have the choice of either (i) receiving a refund of all deposits actually paid under this Agreement and the interest earned on them, if any, or (ii) specifically enforcing this Agreement."). The Court agreed that because the contract did not specify the rate of interest on the deposits, the prejudgment interest rate under section 687.01 applied. In reaching this conclusion, the Judge relied on *Supran* and an unpublished decision in *Loizou v. Lake Austin Properties, I, Ltd.,* No. 6:09-cv-1483-Orl-22KRS, Doc. No. 79 (M.D. Fla. Aug. 27, 2010). These prior decisions are persuasive authority. Accordingly, I recommend that the Court award prejudgment interest on the deposits from the dates they were made ($1,827.60 paid on or about April 4, 2004; $44,000.00 paid on or about September 15, 2004), and direct counsel for the Shreeve Plaintiffs to provide a proposed judgment with interest calculated as of a date established by the Court.

Finally, the Shreeve Plaintiffs seek $215.00 in costs, which is one-half of the taxable costs incurred in this case for paying the filing fee and for service of process.[1] Doc. Nos. 22 and 22-1. These costs are taxable under 28 U.S.C. § 1920.

---

[1] Plaintiffs Joseph and Helen Onwude sought payment of one-half of these costs in their motion for assessment of damages, which is addressed in a separate Report and Recommendation.

### III. RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiffs Shreeve and Hutchings' Omnibus Response to Order, Notice of Election of Remedies, Assessment of Damages (Doc. No. 26), which the Court has construed as a motion for assessment of damages, **FIND** that the Shreeve Plaintiffs are entitled to recover from Maesbury Homes, Inc. their deposit of $45,827.60 with prejudgement interest at the Florida statutory rate and costs in the amount of $215.00, and **DIRECT** the Clerk of Court to enter a judgment consistent with the Court's order on this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 29, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy